Walter J. Rinn et al., Appellants, v. Broadway Trust and Savings Bank of Chicago et al., Appellees.

Gen. No. 43,334.

Heard in .the first division of this court for the first district at the February term, 1945. Opinion filed June 25, 1945. Rehearing denied July 19, 1945. Released for publication July 19, 1945.

HARRY J. MYERSON and LEWIS D. ROSS, both of Chicago, for appellants; MEYER ABRAMS, of Chicago, of counsel.

GEORGE F. BARRETT, Attorney General, for certain appellee; WILLIAM C. WINES, Assistant Attorney General, of counsel.

RUSSELL W. ROOT, of Chicago, for certain appellee.

JONAS & JONAS and CHAPMAN & CUTLER, all of Chicago, for certain other appellees; EDGAR A. JONAS and ROSCOE C. NASH, both of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by plaintiffs from an order entered November 27, 1944. Counsel for defendants say: "There is only one question involved in this appeal and that is whether the court below had jurisdiction of the subject matter of the original complaint and the amended and supplemental complaint in Cause No. 44C3770. The defendants, Arthur C. Strassheim, et al. and George C. Sell, contend that the banking laws of Illinois expressly prohibit the courts from exercising jurisdiction over the subject matter of said

cause," citing ch. 16½, sec. 11 of Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 10.11]. For reasons hereafter stated, we hold that section of the statute does not apply.

The material facts appear to be undisputed. The situation, however, is unusual. On June 23, 1934, the bank, which theretofore had been incorporated as a banking corporation, was conducting its business at 2805 North Clark street in the City of Chicago. It had a capital stock of $200,000 divided into 2,000 shares of the value of $100 each. It had a board of directors of which Arthur C. Strassheim was president, William G. Wise, vice president and George C. Sell, cashier. These three, with Charles L. Conroy and C. F. Pogge, constituted the board of directors. The bank was in good financial condition. Its capital stock was fully paid up. It had a surplus of $40,000 and a further undivided surplus to an amount unknown. Plaintiff Rinn was a shareholder and had been since November 25, 1929, holding five shares of the capital stock. Two other plaintiffs later joined him, the three holding together 130 shares. The bank was solvent. It had property more than sufficient to meet all liabilities. It owned real estate, stocks, loans, investments and other property.

On the 23rd day of June 1934, the board of directors passed a resolution to close the doors of the bank, discontinue the banking business and pay off its depositors and other creditors. On that day it ceased to receive deposits. By resolution of the board of directors George C. Sell was designated a liquidating trustee with directions to promptly liquidate and convert into cash all the assets and property of the bank, solely for the benefit of the shareholders. He entered upon his duties. Some depositors did not appear to claim the amounts due to them. On March 5, 1935, Sell, as liquidating trustee, deposited with the then state auditor the sum of $10,271.08, the full amount due depositors not appearing and pursuant to the

statute. It was received, accepted and retained by the auditor in conformity with sec. 15, ch. 16½, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 10.16].

April 4, 1944, Walter J. Rinn, for himself and other stockholders, filed this suit against Sell, individually and as liquidating trustee, and the other directors and officers of the bank. His complaint was No. 44C3770. It charged misfeasance and malfeasance on the part of Sell and other defendants after the bank closed; prayed discovery, an injunction, an accounting, distribution of assets to persons entitled and the dissolution of the corporation. Notice of application for discovery was at once given; in particular, the names of the other stockholders of the bank, which had been asked for and refused.

Defendants appeared, moved to dismiss the suit, and the motions were denied. Plaintiff, after filing the bill, made a motion for the appointment of a successor trustee or receiver and for examination of the books. It was continued until April 17, 1944. April 12, 1944, the bank, Arthur G. Strassheim, and Strassheim & Company made motions to dismiss the complaint on the ground it was insufficient in law and other reasons. Sell, on April 15, 1944, filed a like motion. April 17, 1944, the court ordered the parties to file briefs. An order was entered extending the time for hearing the motion for permission to examine the books to May 1.

In the meantime the auditor of public accounts on April 29, 1944, caused a suit in the name of the People, to be filed in the circuit court against the bank. The complaint stated the auditor had begun an examination of the bank on April 17, 1944; that on April 28 he had determined the capital stock was impaired; that he had appointed Justin J. Jaeger of Geneva, Illinois, receiver.

June 26, 1944, without notice to any other than the bank (so far as the record discloses) the usual form of decree was entered before another judge, confirm-

ing the action of the auditor and granting the receiver the usual powers given in such cases.

On June 14, 1944, the motions of defendants, A. G. Strassheim, Strassheim & Company, a corporation, the banking corporation and George C. Sell, as liquidating trustee and individually, came up for hearing. It was ordered that the motions of these defendants to dismiss the complaint ''heretofore filed herein on April 4, 1944, for want of jurisdiction, be, and the same are hereby overruled,'' and defendants were ordered to answer within 15 days. At the same time the court entered an order providing that the cause should be consolidated with No. 44C4791, which was the suit brought by the auditor, and that further orders be entered in the consolidated cause. Subsequently there were many conflicting motions. The litigants appear to have forgotten an order theretofore entered that the assets should remain in statu quo.

On November 27, 1944, another chancellor came to preside in the court, and Sell, personally and as liquidating trustee, presented another motion. It was to set aside the order made June 14, 1944, denying the motions to dismiss the suit of plaintiffs and the order entered on the same day consolidating plaintiff's suit with the later suit filed by the auditor. At the same time two other stockholders of the bank joined in the original suit brought by Rinn. These gave notice of application of a motion for leave to file an amended and supplemental complaint in which they charge that the suit of the auditor in the name of the People was brought for the purpose of obstructing the plaintiff's suit, which had been begun by stockholders. They asked leave to file this amended and supplemental complaint and an order on the auditor and other defendants to answer. The motions of defendants were granted. The order consolidating the two suits was set aside. The former order of the court; denying the

motion of defendants to dismiss the plaintiff's suit, was also set aside, and plaintiff's suit was dismissed for want of equity. The matter was made complete by the denial to plaintiffs of leave to file their amended and supplemental complaint which charged conspiracy and collusion between the auditor and the other defendants, and asked for rule to answer.

The net result of these several orders is to leave these several stockholders out of court. They are not allowed an accounting from Sell, who was their trustee, or the other defendants, who (if the allegations of the complaint are true, and they were verified) were guilty of grave wrongs. The result seems to be to leave these plaintiffs without remedy. The only answer made is that in the original suit of plaintiff the court was wholly without jurisdiction, and that the auditor under the statute had the exclusive right to liquidate the assets of a banking corporation. The statute, which we have already cited, so states. The facts as alleged here are quite unusual. The original charter had been issued to defendant as a banking corporation, but it had not been doing a banking business since June 23, 1934, (nearly 10 years). The depositors are paid. All the creditors it owed as a banking corporation have been satisfied. There is no one here who is complaining of this voluntary liquidation. The auditor knew of it (or his predecessor did) and for practically 10 years had acquiesced in it. Every obligation that has arisen out of this defendant doing a banking business has been satisfied. It has a mere shell of a charter. Under quite similar circumstances in the case of *M. R. Harris Estate v. West Grove Savings Bank,* 207 Iowa 41, the Supreme Court of Iowa held that a statutory provision quite similar to that of our statute would not apply. We so hold here.

The judgments and orders appealed from will be reversed and the cause remanded with directions to reinstate the cause, the order of consolidation and to

382

permit the filing of the amended and supplemental complaint.

*Reversed and remanded with directions.*
NIEMEYER and O'CONNOR, JJ., concur.